IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00277-EWN-OES

ALEX LeHUANCUA, D.D.S.,

Plaintiff,

v.

COLORADO STATE BOARD OF DENTAL EXAMINERS,

Defendant.

---

## RECOMMENDATION FOR DISMISSAL

---

**Entered by O. Edward Schlatter, United States Magistrate Judge**

Before the court is defendants' Motion to Dismiss.  Pursuant to the General Order Of Reference To United States Magistrate Judge, and under 28 U.S.C. § 636(b)(1)(B) and D.C.COLO.LCivR 72.1, the motion has been referred to me for Recommendation.  Based upon the record herein, I recommend that the Motion to Dismiss be **GRANTED**, in part, and that this action be dismissed in its entirety, based upon a lack of subject matter jurisdiction in this court.

## BACKGROUND

As demonstrated by the Complaint, and the attachments thereto:  Plaintiff, an American citizen and resident of the State of Colorado, graduated in December, 1982, from the University of Rheims (France) as a Doctor of Dental Surgery.  He claims to have been seeking licensure to practice dentistry in Colorado since 1999, and this lawsuit arises

from his efforts in that regard.  Plaintiff proceeds in this action *pro se*.

By statute, to obtain a license to practice dentistry in Colorado, a foreign-trained dentist must meet three requirements: he or she must (1) present evidence of completion of a program in clinical dentistry and graduation from an accredited dental school; (2) pass an examination administered by the joint commission on national dental examinations; and (3) pass a clinical examination administered by a regional testing agency.  See Colo.Rev.Stat. § 12-35-118.   In October, 2003, plaintiff passed his national dental examination, and on November 19, 2003, wrote to the defendant asking for a letter to the regional testing agency certifying that he would be eligible for licensure in Colorado upon successful completion of the regional clinical examination.  By letter, on December 23, 2003, the defendant denied the plaintiff's request.  The defendant based the denial on the fact that the plaintiff had not graduated from a dental program accredited by the American Dental Association.

Plaintiff again wrote to the defendant on December 26, 2003, pointing out that he had graduated from a dental school that was accredited in France and, again, asking that the defendant advise the regional testing agency that he would be eligible for licensure in Colorado upon successful completion of the regional clinical examination.  Again, on January 21, 2004, the defendant denied the plaintiff's request.  The defendant suggested to the plaintiff that he contact the University of Colorado in order to obtain the educational background necessary for licensure in Colorado.  The University of Colorado had created a two-year program accelerated DDS program under which foreign trained dentists could receive a DDS degree, and therefore, be eligible to take clinical dental board examinations

and apply for state licensure.

Plaintiff was notified that he was not one of the only ten applicants who were accepted into the accelerated program in early November, 2004. In January 14, 2005, plaintiff again communicated with the defendant concerning the Colorado State Board Clinical Examination. On February 14, 2005, he filed this lawsuit in federal court.

The Complaint filed by the plaintiff is a rambling jumble of facts and allegations. However, contained within the pleading are three designated claims. The first claim alleges that the defendant discriminated against him on the basis of his age and national origin. The second contends that the defendant has violated the Sherman Anti-Trust Act, and the third alleges that the defendant has violated provisions the Colorado Dental Practice of Law contained at C.R.S. § 12-35-118.

Defendant has challenged the allegations of plaintiff's Complaint with the filing of a Motion To Dismiss under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), asserting that this court lacks jurisdiction over the plaintiff's claims because they are barred by Eleventh Amendment immunity, barred because the plaintiff has failed to exhaust his administrative remedies with regard to his state law claims, as required by the Colorado Administrative Procedure Act, and barred because the plaintiff has not complied with the requirements of the Colorado Governmental Immunity Act ("CGIA"). The defendant further contends that the plaintiff has failed to state a claim on which relief can be granted under the Sherman Anti-Trust Act or under state law. Plaintiff has filed a response in resistance to the motion.

## STANDARD OF REVIEW

Under Rule 12(b)(1), a motion to dismiss may be granted if the court does not have

subject matter jurisdiction over the matter.  The determination of subject matter jurisdiction is a threshold question of law.  Madsen v. United States ex. rel. United States Army Corps of Engineers, 841 F.2d 1011, 1012 (10th Cir. 1987).  As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear.  See U.S. CONST. ART. III, § 2; Morris v. City of Hobart, 39 F.3d 1105, 1110 (10th Cir. 1994).  "[T]he party invoking federal jurisdiction bears the burden of proof."  Marcus v. Kansas Dept. of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999).

"Motions to dismiss pursuant to Rule 12(b)(1) may take two forms."  Amoco Production Co. v. Aspen Group, 8 F.Supp.2d 1249, 1251 (D.Colo. 1998).  First, a party may attack the facial sufficiency of the complaint and the court must accept the allegations of the complaint as true.  Id.  Second, a party may attack the factual assertions regarding subject matter jurisdiction through affidavits and other documents and the court "has wide discretion to allow affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  "A 12(b)(1) motion . . . can include references to evidence extraneous to the complaint without converting it to a Rule 56 motion."  Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10th Cir. 1987).  In this case, the defendant's Motion To Dismiss made under Rule 12(b)(1) challenges both the facial and factual sufficiency of plaintiff's Complaint.

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts which would entitle him to relief.  See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).  In evaluating a 12(b)(6)

4

motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).   The issue in reviewing the sufficiency of plaintiff's Complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), (overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).  Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved.  See Fed.R.Civ.P. 8(a); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the pro se litigant's advocate.  Hall, 935 F.2d at 1110.  A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting Hall, 935 F.2d at 1110 (additional quotation marks omitted)).

## DISCUSSION

**I.      Subject Matter Jurisdiction Over Plaintiff's Claims.**

The Eleventh Amendment to the United States Constitution bars a suit for damages against a state in federal court, absent a waiver of immunity of the state or abrogation of immunity by Congress.  See Watson v. University of Utah Medical Center, 75 F.3d 569, 574 (10th Cir. 1996).  However, that immunity extends only to the state and governmental entities that are "arms of the state."  Id.  This "arm-of-the-state" doctrine means that entities created by state governments that operate as alter egos or instrumentalities of the states have immunity.  Id.  To make the determination whether an entity is an arm of the state, this court must engage in two general inquires:

> [T]he court first examines the degree of autonomy given to the agency, as determined by the characterization of the agency by state law, and the extent of guidance and control exercised by the state.  Second, the court examines the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing. . . . The government entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury.

Haldeman v. State of Wyo. Farm Loan Board, 32 F.3d 469, 473 (10th Cir. 1994).

As demonstrated in the briefing in this regard filed by the defendant, there can be no other conclusion but that the defendant is an entity or an arm of the state of Colorado:

> The [defendant] is governed by a division of a department within the executive branch of Colorado State government, and is charged with protecting the public by ensuring that dentists are licensed in accordance with standards set by the General Assembly.  The [defendant] is subject to state funding decisions and has not means of generating funds on its own.  The Governor appoints individuals charged with the [defendant's] administrative functions.  Any judgment against the [defendant] with respect to claims based on the violation of federal or state law is paid out of a risk management fund created and funded by the Colorado General Assembly.

DEFENDANT'S MOTION TO DISMISS, Docket #10, p. 9; see, also, id. at pp. 7-8 (specifically detailing applicable statutory authority concerning defendant's creation, authority,

structure, and finances).

Even accepting the factual assertions of jurisdiction set forth in the plaintiff's Complaint, or in his response to the pending motion, as true, the plaintiff has failed to demonstrate any well-pled facts or facts from which it can be inferred that the defendant is not an arm of the State of Colorado. Therefore, the State of Colorado is the real party in interest with regard to plaintiff's claims and the defendant is entitled to Eleventh Amendment immunity unless there has been an express waiver of the immunity or unless Congress has abrogated that immunity.

In his Complaint, the plaintiff indicates that his discrimination claim arises under Title VII of the Civil Rights Act of 1964, 29 U.S.C. §§ 621-634; that his second claim is founded upon Sections 1, 2 and 7 of the Sherman Antitrust Act; and, cites Colo.Rev.Stat. § 12-35-118 as the authority for his third claim. Consideration of whether immunity has been expressly waived or abrogated in these instances, however, reveals that it has not.

### A.    Count 1 - Alleging Violation Of Anti-Discriminatory Law.

The United States Supreme Court has found that Congress intended to abrogate Eleventh Amendment immunity in Title VII cases. See Fitzpatrick v. Bitzer, 427 U.S. 445, 449 n.2, 456 (1976) (Eleventh Amendment abrogated in Title VII cases because "person" is defined to include "governments, governmental agencies, [and] political subdivisions" and "employee" includes individuals "subject to the civil service laws of a State government, governmental agency or political subdivision").   On the other hand, the Court has also held that the Eleventh Amendment precludes claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, against the states.  Kimel v. Florida

Board of Regents, 528 U.S. 62, 91 (2000). However, because the plaintiff was not seeking employment with the defendant, nor is he a past or present employee, these rulings make no difference to his case.

As a necessary predicate to prevailing on a Title VII or ADEA claim, the plaintiff must demonstrate that the defendant is an "employer" within the meaning of the respective statutes. See Deal v. State Farm County Mut. Ins. Co. of Texas, 5 F.3d 117, 118 (5th Cir. 1993) (affirming district court's order dismissing plaintiff's Title VII and ADEA claims for lack of jurisdiction; defendants were not "employers" within the meaning of Title VII or ADEA). Plaintiff has demonstrated no well-pled facts, or facts from which it can be inferred, under which he could satisfy his burden of showing that the defendant was an employer within  the provisions of Title VII or the ADEA, or to establish any type of employment relationship under which Title VII or the ADEA would be applicable. Plaintiff has further provided no authority for holding a state regulatory and licensing agency liable under either of these statutes based on a failure of that agency to issue qualification recommendations or licensure. It stands to reason that abrogation or waiver of immunity under a statute are not an issue when there is no basis upon which liability can attach to a defendant in the first place.

Broadly construing plaintiff's *pro se* allegations as an attempt to raise a civil rights claim under 42 U.S.C. § 1983, as did the defendant in this matter, the claim also fails. Congress did not abrogate the sovereign immunity of the state in enacting § 1983. See Quern v. Jordan, 440 U.S. 332, 345 (1979). Further, it is clear that the CGIA, Colo.Rev.Stat. § 24-10-104, *et seq.*, does not waive Eleventh Amendment immunity for

claims under § 1983.  See Griess v. State of Colorado, 841 F.2d 1042, 1044-45 (10th Cir.

1988).  Accordingly, the defendant is entitled to Eleventh Amendment immunity with regard

to plaintiff's first claim.

### B.    Count 2 - Alleging Violation Of Anti-Trust Law (Sherman Act).

With regard to plaintiff's allegations that the defendant has violated federal antitrust

law, in the landmark case of Parker v. Brown, 317 U.S. 341 (1943), the Court noted that

there was "no suggestion of a purpose to restrain state action in the [Sherman] Act's

legislative history."  Id. at 350-52.  Further, no abrogation of state sovereign immunity has

been determined to arise from federal antitrust legislation.  In fact, Parker and its progeny

have established the general proposition that states acting in their sovereign capacities

are exempt from federal antitrust laws.  In order to qualify for antitrust immunity, an entity

must demonstrate either that it is the state acting in its sovereign capacity or that it is

acting pursuant to a "clearly articulated and affirmatively expressed state policy."  Hoover

v. Ronwin, 466 U.S. 558, 568-69 (1984).   In applying this test to the plaintiff's claim, it is

not necessary to reach the second prong because the defendant is, in actuality, the state

acting in its sovereign capacity.

It is clear under the Parker immunity doctrine that the legislative and judicial

branches of state government act as the state in its sovereign capacity.  See Parker, 317

U.S. at 351 (legislature acts as the state); Bates v. State Bar of Arizona, 433 U.S. 350, 360

(1977) (state supreme court acting in legislative capacity acts as the state).  Similarly,

circuit courts which have viewed the issue have found that the executive branch of state

government is also entitled to antitrust immunity.  See Charley's Taxi Radio Dispatch v.

9

SIDA of Hawaii, 810 F.2d 869, 874-76 (9th Cir. 1987) (Hawaii Department of Transportation entitled to antitrust immunity as part of executive branch); Saenz v. University Interscholastic League, 487 F.2d 1026, 1027-28 (5th Cir. 1973) (division of University of Texas entitled to antitrust immunity).

As the analysis under the Eleventh Amendment in the preceding section demonstrates, the defendant is clearly an arm of the state and is acting as the state in its sovereign capacity for purposes of Parker antitrust immunity.  Defendant's board members are appointed by the governor, see Colo.Rev.Stat. § 12-35-104(1)(a), and may be removed by the governor for neglect of duty, misconduct or incompetence, see id.  The defendant is funded by annual appropriations from the General Assembly, see Colo.Rev.Stat. § 12-35-110(1), and any judgment against it would be paid by the state, see Colo.Rev.Stat. §§ 24-30-1504 &1510(3)(a).   Therefore, not only has Congress not abrogated state sovereign immunity under the federal antitrust legislation upon which the plaintiff bases his second claim, state action immunity also exists to preclude litigation of plaintiff's second claim against this defendant.  Plaintiff has failed to demonstrate that the State of Colorado has unequivocally expressed an intent to submit itself to the jurisdiction of a federal court for claims of this nature.   Accordingly, this court lacks jurisdiction to review Count 2 of plaintiff's Complaint.

### C.    Count 3 - Alleging Violation Of Colorado Dental Practice Law.

Finally, while the plaintiff attaches a state law claim to his federal claims in this lawsuit, this claim does not render the Eleventh Amendment inapplicable because the Supreme Court has held that "neither pendent jurisdiction nor any other basis of

jurisdiction may override the Eleventh Amendment." <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 121 (1984).  Congress has not abrogated the states' Eleventh Amendment immunity against state law claims brought in federal court.  <u>See</u> <u>Mascheroni v. Board of Regents of the University of California</u>, 28 F.3d 1554, 1559-60 (10th Cir. 1994), *overruled on other grounds by* <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101 (2002).  While the CGIA provides for exceptions to sovereign immunity for injuries resulting from actions delineated by the statute, <u>see</u> Colo.Rev.Stat. § 24-10-106(1), the plaintiff has failed to plead or identify any facts or facts from which it can be inferred to demonstrate that his claim alleging a failure of the defendant to comply with the Dental Practice Law falls within those detailed exceptions.

Further, the plaintiff has failed to demonstrate that he has filed a notice of claim under the CGIA, which is a jurisdictional prerequisite to filing a lawsuit.  <u>See</u> Colo.Rev.Stat. § 24-10-109; <u>Mesa County Valley Sch. Dist. v. Kelsey</u>, 8 P.3d 1200, 1204 (Colo. 2000); <u>Walton v. State</u>, 968 P.2d 636, 643 (Colo. 1998).  Accordingly, jurisdiction to consider Count 3 of plaintiff's Complaint is lacking in this court, and it should be dismissed.

**D.    Request For Equitable Relief.**

Finally, with regard to plaintiff's requests for declaratory and injunctive relief, although citizens may not generally sue states in federal court under the Eleventh Amendment, the <u>Ex parte Young</u> doctrine has carved out an alternative, permitting citizens to seek prospective equitable relief for violations of federal law committed by state officials in their official capacities.  <u>See</u> <u>Ex parte Young</u>, 209 U.S. 123, 159-60 (1908).  However, states and their agencies are immune from suit regardless of the relief sought.  <u>See</u>, <u>e.g.</u>,

ANR Pipeline Co. v. Lafaver, 150 F.3d 1178, 1187 (10th Cir. 1998) (barring any form of relief against state agency, even solely prospective injunctive relief).

      **E.**    **Conclusion.**

      Because plaintiff's claims are jurisdictionally barred in this court, and this court is therefore without authority to consider them, it is not necessary to address any further grounds for dismissal.  That portion of defendant's Motion To Dismiss which requests dismissal of this lawsuit under Fed.R.Civ.P. 12(b)(1), based upon a lack of subject matter jurisdiction, should be granted and the remainder of the defendant's motion deemed moot.

## CONCLUSION

      Based upon the above analysis, and the pleadings on file herein, I do hereby **RECOMMEND** that Defendant's Motion To Dismiss [Filed March 21, 2005; Docket #10] be **GRANTED**, in part, and deemed **MOOT**, in part, resulting in this action being dismissed in its entirety, without prejudice, based upon a lack of subject jurisdiction.[1]

      Dated at Denver, Colorado, this 12th day of December, 2005.

                        BY THE COURT:


                        s/ O. Edward Schlatter

                        _____

                        O. Edward Schlatter
                        United States Magistrate Judge

---

     [1] See Hollander v. Sandoz Pharm. Corp., 289 F.3d 1193, 1216-17 (10th Cir. 2002) (finding that a dismissal for lack of jurisdiction does not address the merits of a claim, and is therefore without prejudice).

## ADVISEMENT UNDER FED. R. CIV. P. 72

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).